STATE OF MAINE
ANDROSCOGGIN, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.: CV-20-17

YOUSSEF ATA and
J.A. DISTRIBUTION
ENTERPRISES, INC.,

      Plaintiffs

JEAN COUTURIER,

      Defendant

)
)
)
)
)
)
)
)
)
)

ORDER

NOV 10 '22 PM5:15
ANDRO SUPERIOR COURT

Summary judgment previously being granted to Plaintiff pursuant to an Order dated August 24, 2020, a hearing on damages was held November 2, 2022. Testimony was received from the Plaintiff, Plaintiff's accountant Mark Carrier, and the Defendant. Pursuant to the testimony and the admitted exhibits and affidavits, the court makes the following findings:

1. Plaintiffs' have met their burden of establishing the Defendant's liability as to the Counts one (1) and two (2) of Plaintiffs' compliant.

2. The evidence presented by the Plaintiffs Joseph Ata and J.A. Distribution Enterprises establish without any controverting facts offered by the Defendant, that Defendant is liable to the Plaintiff as an individual and to J.A. Distribution in the amount of $23,332.89 for the amount of the checks given to him by the Plaintiff, Joseph Ata, and which Defendant diverted and converted to his own use;

1

3. Plaintiff has also established by evidence uncontroverted by the Defendant that the Plaintiff expended the sum of $4905 for CPA Carrier to act as his accountant in negotiating with the IRS and to resolve the tax issues caused by Defendant;

4. Plaintiff has also established by evidence uncontroverted by the Defendant that the Plaintiff expended the sum of $5500 for attorney, Leonard I . Sharon, to act as his attorney in working with CPA Carrier and assisting the State in the prosecution and sentencing of the Defendant;

5. The Court finds without contradiction that these expenses are reasonably foreseeable consequences of Defendant's conduct;

6. "The procedure for setting punitive damages after a defendant's default is essentially the same as that required for setting comparative damages." *Firth v Rockland, 580 A 2 d 694, 1990 ME. LEXIS 250 xx9.* The court finds that the Plaintiffs have proven by clear and convincing evidence that the defendant acted with express or implied malice. *Id. citing Tuttle v Raymond, 494 A2d 1353, 1363-1364 (ME. 1985).*

7. Based upon the Defendant's intentional tortious conduct of diverting Plaintiff's money while knowing the impact and tax liability it would cause the Plaintiff, as well as all other relevant aggravating and mitigating factors, including deterrence and Defendant's current circumstances, the court awards the Plaintiffs $10,000.00 in punitive damages.

8. The total damages awarded to Plaintiff are $43,737.89, which include $23,332.89 in money converted by Defendant, $4,905.00 in accounting expenses, $5,500.00 in attorney fees, and $10,000 in punitive damages.

2

The Order is:

       Judgment for Plaintiff YOUSSEF ATA and J.A. DISTRIBUTION ENTERPRISES, INC., against Defendant JEAN COUTURIER in the amount of $43,737.89, plus costs and pre-judgment and post-judgment interest as allowed by statute.

       The clerk is directed to enter this order onto the docket by reference pursuant to M.R.Civ. P 79(a).


Dated: November 10, 2022

                                     Justice, Superior Court

3